1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE IBEW/NECA SOUND AND COMMUNICATIONS HEALTH AND WELFARE TRUST, IBEW NINTH DISTRICT PENSION TRUST, NORTHERN CALIFORNIA JOINT APPRENTICESHIP AND TRAINING TRUST, NORTHERN CALIFORNIA LABOR MANAGEMENT COOPERATION TRUST, and THE NATIONAL ELECTRICAL BENEFIT TRUST; and DOUG LUNG AND GERALD PFEIFFER, TRUSTEES OF THE IBEW/NECA SOUND AND COMMUNICATIONS HEALTH AND WELFARE TRUST, | Case No. C-14-00611-RMW **ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| Plaintiffs, | |
| v. | |
| NETVERSANT SOLUTIONS II LP, a Delaware partnership doing business in California, | |
| Defendant. | |

On April 4, 2014 the court entered default against defendant Netversant Solutions II, LP. *See*

Dkt. No. 17. Plaintiffs Trustees of the IBEW/NECA Sound and Communications Health and

Welfare Trust, IBEW Ninth District Pension Trust, Northern California Joint Apprenticeship and

1   Training Trust, Northern California Labor Management Cooperation Trust, and the National

2   Electrical Benefit Trust, and Doug Lung and Gerald Pfeiffer, trustees of the IBEW/NECA Sound

3   and Communications Health and Welfare Trust (collectively, plaintiffs or "Pfeiffer") move for

4   damages pursuant to the default. Dk. No. 18. On December 9, 2014, plaintiffs filed an amended

5   motion for default judgment. Dkt. No. 19. On December 12, 2014 the court held a hearing to

6   determine damages.

7          This is an Employee Retirement Income Security Act ("ERISA") collection case. According

8   to plaintiffs, Netversant is an employer within the meaning of Sections 3(5) and 515 of ERISA, *see*

9   29 U.S.C. §§ 1002(5), 1145, and an employer in an industry affecting commerce within the meaning

10  of Section 301 of the LMRA, *see* 29 U.S.C. § 185. First Amended Complaint ("FAC"), Dkt. No. 9,

11  at ¶ 10. Netversant agreed to be bound to the terms and conditions of the most recent Collective

12  Bargaining Agreement ("CBA") between the International Brotherhood of Electrical Workers

13  ("IBEW") and some of its local unions and Chapters of the National Electrical Contractors

14  Association. FAC ¶ 7. The CBA governs the rates of pay and rules and working conditions for

15  employees engaged in sound and communication industry electrical industry work. *Id.* The CBA

16  also requires Netversant to make timely monthly contributions to trusts for fringe benefits for its

17  covered employees. *See* Dkt. No. 18, at 3. These contribution rates are set forth in the CBA. *Id.*

18  Employers who agree to be bound by the CBA also agree to be bound to the respective Trust

19  Agreements. FAC ¶ 7.

20         Plaintiffs brought this action after Netversant failed to pay contributions required under the

21  Trust Agreements. FAC ¶¶ 11, 13. Netversant was served on March 24, 2014, Dkt. No. 14, and

22  when no answer was filed, the court entered default on April 4, 2014, Dkt. No. 17.

23         In their motion for damages, plaintiffs seek: (1) unpaid contributions of $25,873.47 for the

24  months of September and October 2014, Dkt. No. 19, at 2; and (2) $23,000.39 in liquidated

25  damages for the months of August 2013 through October 2014, *id.*; *see also* Declaration of Sandy

26  Stephenson, Dkt No. 19-1, at 2–3. Plaintiffs also seek attorneys' fees and costs of $7,220.00. Dkt.

27  No. 19, at 2. The total judgment sought is $56,093.86.[1] *Id.*

---

28  [1] In their initial motion for default judgment, plaintiffs sought unpaid contributions for the months
    of July and August 2014 totaling $33.481.19. *See* Dkt. No. 18. Since filing the motion, defendants

Plaintiffs brought this action to enforce 29 U.S.C. §1145, which requires certain employers to make contributions like those at issue here in accordance with the terms of the relevant plan or collective bargaining agreement. Under the relevant civil enforcement statute,

> [T]he court shall award the plan--
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

The unpaid contributions owed to plaintiffs total $25,873.47. Dkt. No. 19, at 2; *see also* Dkt No. 19-1, at ¶ 4. Plaintiffs also ask for $23,000.39 in liquidated damages, which is equal to 10 percent of all unpaid and delinquent contributions for the months of August 2013 through October 2014. *See* Dkt. No. 19, at 2. However, 29 U.S.C. § 1132(g)(2)(C)(ii) provides that a liquidated damages award shall not exceed 20 percent of the amount of unpaid contributions award. Accordingly, under the statute, the liquidated damages award available to plaintiffs is limited to 20 percent of $23,000.39, or $4,600.08.[2]

---

have paid the contributions for July and August 2014, but subsequently incurred new delinquencies in unpaid fringe benefit contributions for the months of September and October 2014. Dkt. No. 19, at 2.

[2] Following the evidentiary hearing, the court requested that plaintiffs file a brief outlining the basis for their requested liquidated damages award and explaining how plaintiffs' request can be squared with the language of 29 U.S.C. § 1132(g)(2)(C)(ii). Dkt. No. 20. As plaintiffs explain in their brief, courts in this district follow one of two paths regarding 29 U.S.C. § 1132(g)(2)(C)(ii). *See* Dkt. No. 22, at 4–5. Some courts award judgments which include liquidated damages for all delinquent contributions that exist at the time a complaint is filed, *see e.g.*, *Burns v. R.C. Knapp, Inc.*, Case No. 13-5209, 2014 U.S. Dist. LEXIS 154975, at *21–22 (N.D. Cal. Oct. 16, 2014) (awarding liquidated damages on all delinquent contributions without discussing whether award was solely statutory or also based in part on contract), while others award liquidated damages for unpaid contributions under the statute and for delinquent contributions under as a matter of contract, if the trust agreement so provides, *see e.g.*, *Crosthwaite v. LML Enters.*, Case No. 13-740, 2013 U.S. Dist. LEXIS 151851, at *18–24 (N.D. Cal. Sept. 25, 2013) (discussing the split within the district and awarding both statutory and contractual liquidated damages). The court follows the latter approach.

However, in addition to liquidated damages under Section 1132(g), the court may also enter judgment for liquidated damages assessed on late contributions as a matter of contract. *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 216–18 (9th Cir. 1989). Here, the Trust Agreement provides for liquidated damages of at least 10 percent of delinquent contributions as a reasonable forecast of the loss and damage to the fund. *See* Dkt. No. 18, at 24–25. Under *Idaho Plumbers*, liquidated damages are an appropriate award for breach of contract if (1) it is "very difficult or impossible" to calculate the harm that stems from the breach, and (2) the amount of damages is a "reasonable forecast of just compensation for the harm." 875 F.2d at 217. (internal citations omitted). The court finds contractual liquidated damages appropriate here. First, harm to plaintiffs in cases like this is sufficiently difficult to calculate. *See Bd. of Trs. V. Udovch*, 771 F. Supp. 1044, 1048 (N.D. Cal. 1991) ("When an employer is delinquent in paying contributions into a fringe benefit trust fund, the fund suffers some kinds of harms that are very difficult to gauge."); *see also Crosthwaite*, 2013 U.S. Dist. LEXIS, at *22–23. Second, courts regularly find awards of ten percent to be reasonable forecasts of compensation for delinquent payment, *see e.g.*, *Bd. of Trustees of Laborers Health &Welfare Trust Fund for N. California v. Atoll Topui Island, Inc.*, Case No. 6-3059, 2007 WL 174409, at *8 (N.D. Cal. Jan. 22, 2007), and the court finds plaintiffs' requested award reasonable under the circumstances.[3]

Accordingly, the court concludes that plaintiffs are entitled to their entire requested liquidated damages award of $23,000.39, comprised of $4,600.08 in statutory liquidated damages $18,400.31 in contractual damages.

Plaintiffs requested attorneys' fees award of $6,820.00 is reasonable. Dkt. No 18, at 6–7. The award is based on 17 hours of attorney time billed at $275.00 per hour and 11 hours at $195 per hour. *See* Declaration of Wan Yan Ling, Dkt No. 18-2, at 3–4. The court finds both the number of hours worked and hourly rates reasonable in this legal market for attorneys of similar skill and experience in an ERISA collections case.

---

[3] Moreover, the court notes that plaintiffs' contractual liquidated damages award of $18,400.31, which the court construes as the total requested liquidated damages award less the statutory award, amounts to less than 10 percent of the delinquent payments.

ORDER RE DEFAULT JUDGMENT
Case No. C-14-00611-RMW
EDB

- 4 -

United States District Court
For the Northern District of California

1    Plaintiffs may also recover their filing costs of $400.00 in this case. Dkt. No. 18, at 7. Under

2  Civil Local Rule 54-3 ("Rule 54-3"), an award of costs may include the filing fees and fees for

3  service of process "to the extent reasonably required and actually incurred." The Court finds that the

4  costs sought by plaintiffs were reasonably required and actually incurred.

5    Therefore, the court orders that plaintiffs are entitled to recover $25,873.47 in unpaid

6  contributions, $23,000.39 in liquidated damages, $6,820.00 in attorneys' fees, and $400.00 in costs,

7  for a total of $56,093.86, from defendant Netversant Solutions II, LP.

8

9  Dated: January 8, 2015

10
RONALD M. WHYTE
United States District Judge